UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN NUCKOLS, *pro se*,

    Plaintiff,

v

SIXTH JUDICIAL CIRCUIT COURT OF
OAKLAND COUNTY, MICHIGAN,

    Defendant.

_____/

Case No. 07-14225

HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

STEVEN D. PEPE
MAGISTRATE JUDGE

## **ORDER OF DISMISSAL**

This matter comes before the Court on the Court's Order to Show Cause [DE 3] issued on October 17, 2007. Plaintiff responded timely to the Court's order, and submitted an untimely supplemental response.

Having reviewed Plaintiff's Complaint, (first) Amended Complaint, and responses to the show cause order, this Court is DISMISSING the Complaint under Fed. R. Civ. P. 12(b)(1). While Plaintiff's *pro se* complaint should be liberally construed, *see Franklin v. Rose*, 765 F.2d 82, 84 (6th Cir.1985) (*per curiam*), this Court finds that Plaintiff has failed under Fed. R. Civ. P. 12(b)(1) to demonstrate jurisdiction.

### **DISCUSSION**

First, a state court is not a "person" under 42 U.S.C. § 1983, and therefore is not subject to lawsuit under that statute. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). This is so because

> the United States Supreme Court has dictated that, unlike counties and municipalities, state governments, and their arms, officers, and instrumentalities, are

generally immune from private lawsuit in federal court by virtue of the Eleventh Amendment to the United States Constitution.

*Id*. (citing, *inter alia*, *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 280 (1977); *Moor v. Alameda*, 411 U.S. 693, 717-21 (1973); *Hutsell v. Sayre*, 5 F.3d 996, 998-99 (6th Cir.1993), *cert. denied*, 510 U.S. 1119 (1994)).

Michigan state courts are considered a department of the state. *Id.*; *Gray v. Hakenjos*, 366 Mich. 588, 115 N.W.2d 411, 414 (1962). Therefore, "[t]he Sixth Circuit has squarely held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity." *Young v. Ottawa County Circuit Court*, 2007 WL 1712608, *3 (W.D.Mich. June 12, 2007) (citing *Abick v. State of Michigan*, 803 F.2d 874 (6th Cir.1986)).

At one point in time, the Sixth Circuit characterized Eleventh Amendment immunity as "jurisdictional in the same sense as the complete diversity requirement." *Wilson-Jones v. Caviness*, 99 F.3d 203, 206 (6th Cir.1996)). However, the Supreme Court ruled in *Wisconsin Department of Corrections v. Schacht,* 524 U.S. 381 (1998), that the analogy was not correct, and that removal jurisdiction for a whole case was not destroyed if one claim within that case was barred by Eleventh Amendment immunity. *Id*. at 388.

Sixth Circuit decisions since *Schacht* suggest that where states have *waived* an Eleventh Amendment immunity defense, the court may disregard the issue and address the merits. *Nair v. Oakland County Community Mental Health Authority* 443 F.3d 469, 477 (6th Cir. 2006). Such is not the case here.

Other decisions in this circuit continue to encourage addressing Eleventh amendment immunity as a jurisdictional issue where the defense has not been waived. *See*, *e.g.*, *Angel v. Kentucky*, 314 F.3d 262, 265 (6th Cir.2002); *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Engler*, 304 F.3d 616, 618 (6th Cir.2002); *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 570 (6th Cir.2000). Here, Defendant has asserted Eleventh Amendment immunity in its Answer. Accordingly, this Court finds that it must evaluate immunity before reaching the merits. As the sole

Defendant for all claims in this case is entitled to Eleventh Amendment immunity, no claim survives, and this Court has no jurisdiction.

Plaintiff has also raised violations of state law in his Complaints. However, where Eleventh Amendment immunity bars a federal court from hearing the case, it also prevents that court from invoking supplemental jurisdiction. *Cantu v. Michigan Department of Corrections*, 2007 WL 2413103, *5 (E.D.Mich. Aug. 21, 2007) (Steeh, J.) (citing *McNeilus Truck & Mfg., Inc. v. State of Ohio ex rel. Montgomery*, 226 F.3d 429, 438 (6th Cir.2000)).

Individual claims within Plaintiff's Complaint are also barred by the *Rooker-Feldman* doctrine, which holds that inferior federal courts have no jurisdiction to review the final judgments of state courts. *Hutcherson v. Lauderdale Cty.*, 326 F.3d 747, 755 (6th Cir. 2003) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

To determine whether the doctrine applies, the appropriate inquiry is

> to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury alleged resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal courts lack jurisdiction.

*Id*. As a result, in addition to Eleventh Amendment immunity, those claims resulting from decisions by individual judges in the Defendant court system are barred from being heard in this Court by *Rooker-Feldman*.

Finally, Plaintiff has filed a second Amended Complaint [DE 6] on November 13, 2007, which introduces a new defendant and new claims. Federal Rule of Civil Procedure 15(a) controls amended pleadings. That rule states that after a responsive pleading is filed, as was the case here, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Plaintiff sought no leave of the court for this Amended Complaint. In addition, the claims against the new defendant Plaintiff seeks to add are currently being litigated in a sister court, under *Nuckols v. Blue Cross Blue Shield of Michigan*, Case No. 07-14301. Accordingly, justice does not

require this Court to give leave for this Amended Complaint, and claims against the new defendant need not be addressed.

Because this Court has no jurisdiction for claims against Defendant Sixth Judicial Circuit Court of Oakland County, Michigan,

    IT IS ORDERED that Plaintiff's case be DISMISSED.

    SO ORDERED.


    S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

    Dated: November 29, 2007

    I hereby certify that a copy of the foregoing document was served upon counsel of record on November 29, 2007, by electronic and/or ordinary mail.

    S/THERESA E. TAYLOR
Case Manager